UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUY REGINALD COCHRAN,

    Petitioner,

v.                                                           Case No. 8:09-CV-881-T-30TGW

WALTER A. MCNEIL, SECRETARY,
DEPT. OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on May 13, 2009 (Dkt. 1). Petitioner is challenging a 1985 conviction for first-degree murder entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). On May 20, 2009, the Court ordered Petitioner to show cause why his petition should not be dismissed as time-barred (Dkt. 4). On June 15, 2009, Petitioner filed his response to the Court's order to show cause ("response") in which he asserts that he is actually innocent of the crime for which he was convicted (Dkt. 5). Upon review of Petitioner's petition, response, and the applicable law, the Court concludes that the petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus *sua sponte*).[1]

---

[1] Petitioner essentially agrees that his petition is untimely. However, he asserts that he is entitled to federal habeas relief because he is "actually innocent."

**DISCUSSION**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on October 25, 1989, ninety days after the Florida Supreme Court affirmed Petitioner's conviction in *Cochran v. State*, 547 So. 2d 928 (Fla. 1989).[2] *See, Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). When a petitioner's conviction becomes final prior to the AEDPA's effective date of April 24, 1996, but the petition is filed after the statute's enactment, the petitioner is afforded a one-year grace period in which to file his federal claims. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Accordingly, petitioners like Cochran, whose convictions became final prior to April 24, 1996, have until April 23,

---

[2]Petitioner's conviction was affirmed, but his sentence of death was vacated, and he was sentenced to life imprisonment. *Cochran v. State*, 547 So. 2d at 933.

1997, to file a petition for writ of habeas corpus absent properly filed collateral applications in the state court which toll the statutory period, unless the petitioner has a pending collateral attack motion/petition pending on April 23, 1997, in which case, the AEDPA one-year period begins to run at the time that motion/petition is decided.

Prior to enactment of the AEDPA, Petitioner filed his first collateral challenge, a Rule 3.850 motion for postconviction relief, on September 19, 1991, which was denied on October 8, 1991 (Dkt. 1 at pg. 3).[3] Therefore, Petitioner's one-year period began to run on April 24, 1996, and he had until April 23, 1997, to file a timely federal petition.

Petitioner next filed a state petition for writ of habeas corpus on June 21, 2006 (Dkt. 1 at pg. 3). The state habeas petition, however, had no tolling effect on the one-year limitation period because it had already expired on April 23, 1997. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (finding that "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision.

## ACTUAL INNOCENCE

Petitioner essentially acknowledges that his petition is time-barred and that he is not entitled to equitable tolling. Petitioner, however, contends that he is entitled to federal habeas relief because he is actually innocent of the charge for which he was convicted.

---

[3]Petitioner did not appeal the denial of his 3.850 motion (Id. at pg. 4).

3

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period,[4] generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his or her actual innocence to avoid a procedural bar to consideration of the merits of his or her underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298 (1995). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held: To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal

---

[4]*See Wyzykoski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000); *Justo v. Culliver*, 2008 U.S. App. LEXIS 18058 (11th Cir. 2008)(unpublished opinion).

insufficiency. *Id.*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (footnote omitted).

Petitioner has failed to make the requisite showing of actual innocence to permit this Court to reach the merits of any underlying claims.[5] In his response, Petitioner essentially asserts that there was insufficient evidence to convict him, and that "new evidence," his affidavit, demonstrates his innocence of first degree murder (Dkt. 5). Petitioner has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists. Instead, Petitioner presents evidence known and available prior to trial and contends that the evidence presented at trial was insufficient to support his conviction.

Petitioner's testimony was not unavailable to him at the time of his trial. Furthermore, "[a] petitioner's own affidavit adds little weight to an actual innocence claim because it is self-serving and inherently unreliable." *Rickard v. Wolfe*, 2007 U.S. Dist. LEXIS 92447 at *11 (N.D. Ohio Dec. 17, 2007). Moreover, Petitioner can not support an actual innocence claim by suggesting legal insufficiency of his conviction.[6] Petitioner's argument is not based on new reliable evidence and fails to show that "it is more likely than not that no reasonable

---

[5] In his petition, Petitioner does not set forth any underlying constitutional claims. Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Schlup*, 413 U.S. at 315. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

[6] Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

5

juror would have convicted him." *Bousley*, 523 U.S. at 623. Consequently, Petitioner is not entitled to federal habeas relief.

## CONCLUSION

Petitioner's petition is time-barred. Furthermore, Petitioner has failed to satisfy the threshold requirement that he come forward with "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495-99 (1986). Consequently, Petitioner does not qualify for an actual innocence exception to the one-year period of limitation, even if such an exception exists.

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro se* Petitioner